In the Matter of LOUIS H. PINK, as Superintendent of Insurance of the State of New York, Petitioner; GARBO REALTY CORPORATION, Respondent.

(Premises 646 Argyle Road, Brooklyn.)

Supreme Court, Special Term, Kings County, May 28, 1943.

*Julius B. Sucher* for petitioner.

*Benjamin J. Taruskin* for respondent.

HOOLEY, J. Motion to compel payment of surplus income, pursuant to section 1077-c of the Civil Practice Act, of certain premises for the six months' period ending September 30, 1942. Respondent objects upon the ground that petitioner may now make application only with respect to a twelve months' period.

The amendment to section 1077-c of the Civil Practice Act, changing the period from six months to one year, did not become effective until January 1, 1943. The petitioner has examined the accounts of the respondent for the six months' period ending March 31, 1942, and for the six months' period ending September 30, 1942.

As amended, section 1077-c of the Civil Practice Act reads, in part, as follows: '' The application shall be made on the basis of the preceding calendar year and notice thereof shall be served on or before the fifteenth day of March following the close of such calendar year; except that for good cause shown the court may entertain an application made on the basis of a period of twelve months other than the calendar year.''

The clear intent of the amendment was to do away with the six months' examinations that formerly existed and the payment of surplus upon such examinations. There was a very good reason therefor. A petitioner could examine for a six months' period, find a deficit which would prevent an application for payment of surplus, then make an examination for the succeeding six months' period, develop a surplus for that period, and then make a motion for the payment of that surplus, although the examination for the whole twelve months might have resulted in a deficit.

Any right which this applicant may now have for the payment of surplus must come from section 1077-c aforesaid. By reason of the arbitrary language it uses there is no provision for the payment of surplus after January 1, 1943, except surplus developed over a twelve months' period. Application denied.

(On reargument, June 10, 1943.)

Motion for reargument granted and upon such reargument the court adheres to its former decision. It was the obvious purpose of the Legislature in amending section 1077-c of the Civil Practice Act (L. 1942, ch. 790), and in making it effective on January 1, 1943, to permit parties to adjust themselves to the new conditions between the date of the enactment of the law, May 11, 1942, and January 1, 1943. This is termed by Mr. Justice EDER the period of '' transition of procedure.'' (*Matter of Pink* [*Walladmoy Realty Co., Inc.*] 179 Misc. 46.) It was equally the intention and purpose of the Legislature to end on January 1, 1943, all applications for the payment of surplus moneys unless the same were based upon examinations for periods of twelve months.